# EXHIBIT J

**Hendershott, Jack**

| | |
|---|---|
| **From:** | mandana mjintellectualproperty.com <mandana@mjintellectualproperty.com> |
| **Sent:** | Friday, August 22, 2025 12:27 AM |
| **To:** | Dalton, Joshua M. |
| **Cc:** | Hendershott, Jack |
| **Subject:** | Re: Correspondence from Whoop, Inc. to Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen exqi") |
| **Attachments:** | Response Letter 21AUG2025.pdf |

[EXTERNAL EMAIL]
Hi Joshua,

Apologies for the typo in my last email, I'm not sure how that happened.

I have been instructed to send you the attached correspondence in lieu of our scheduled meeting on Monday.

Best Regards,

*Mandana Jafarinejad, Esq.*
**mjIP**
**An Intellectual Property Firm**
1 Park Plaza
Suite 600
Irvine, CA 92614
(949) 833-7125
mjintellectualproperty.com

---

**From:** mandana mjintellectualproperty.com <mandana@mjintellectualproperty.com>
**Sent:** Wednesday, August 20, 2025 2:24 PM
**To:** Dalton, Joshua M. <josh.dalton@morganlewis.com>
**Cc:** Hendershott, Jack <jack.hendershott@morganlewis.com>
**Subject:** Re: Correspondence from Whoop, Inc. to Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen exqi")

Hi Justin,

Monday at 10 am Pacific works for me. I look forward to speaking with you then.

Best Regards,

*Mandana Jafarinejad, Esq.*
**mjIP**
**An Intellectual Property Firm**
1 Park Plaza
Suite 600
Irvine, CA 92614
(949) 833-7125
mjintellectualproperty.com

---

**From:** Dalton, Joshua M. <josh.dalton@morganlewis.com>
**Sent:** Wednesday, August 20, 2025 1:40 PM
**To:** mandana mjintellectualproperty.com <mandana@mjintellectualproperty.com>
**Cc:** Hendershott, Jack <jack.hendershott@morganlewis.com>
**Subject:** RE: Correspondence from Whoop, Inc. to Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen exqi")

Hi Mandana.

Just to be clear, WHOOP considers this a very serious matter. I would appreciate if you could provide times for a call on Monday so I can confirm to the client that we are making progress.

Thanks.

-Josh

**Joshua M. Dalton**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8284 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
Assistant: Kathy Ha | +1.617.341.7294 | kathy.ha@morganlewis.com
Assistant: Catherine McNulty | +1.617.341.7901 | catherine.mcnulty@morganlewis.com
josh.dalton@morganlewis.com | www.morganlewis.com

GLOBAL IMPACT OF THE
US ADMINISTRATION
Visit our resource center

---

**From:** Dalton, Joshua M. <josh.dalton@morganlewis.com>
**Sent:** Tuesday, August 19, 2025 7:34 PM
**To:** mandana mjintellectualproperty.com <mandana@mjintellectualproperty.com>
**Cc:** Hendershott, Jack <jack.hendershott@morganlewis.com>
**Subject:** Re: Correspondence from Whoop, Inc. to Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen exqi")

Hi Mandana.

My Monday looks ok. How about 10 am PT/1 pm ET? I think it is important that we speak sooner than later.

Thanks.

-Josh

**Joshua M. Dalton** (he/him)
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8284 | Main: +1.617.341.7700 | Cell: 617-875-1964
josh.dalton@morganlewis.com | www.morganlewis.com

---

**From:** mandana mjintellectualproperty.com <mandana@mjintellectualproperty.com>
**Sent:** Tuesday, August 19, 2025 3:19 PM
**To:** josh.dalton@morganlewis.com <josh.dalton@morganlewis.com>



2

**Subject:** Correspondence from Whoop, Inc. to Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen exqi")

[EXTERNAL EMAIL]
Mr. Dalton,

In response to your August 10, 2025, correspondence, please be advised that I represent Shenzhen Lexqi Electronic Technology Co., Ltd. in regards to intellectual property claims.

Are you available next week for a teleconference to discuss this matter? If so, can you please advise as to your availability.

Best Regards,

*Mandana Jafarinejad, Esq.*
**mjIP**
**An Intellectual Property Firm**
1 Park Plaza
Suite 600
Irvine, CA 92614
(949) 833-7125
mjintellectualproperty.com

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

August 21, 2025

Mandana Jafarinejad, Esq.
California State Bar No. 273904
1 Park Plaza Suite 600
Irvine, CA 92614
(949) 833-7125
mandana@mjintellectualproperty.com

Sent by Email

Mr. Dalton,

To follow up on our email correspondence, in response to your August 10, 2025, letter, please be advised that I represent Shenzhen Lexqi Electronic Technology Co., Ltd. (Lexqi) with regard to intellectual property claims.

Please kindly note we are aware of the demands mentioned in your letter, however we do not agree with your finding of infringement by our products on the commercial appearance of Whoop's device as discussed in your letter.

Lexqi is a well-established business entity that strictly abides by the laws and regulations of every jurisdiction in all areas of operation. Lexqi respects intellectual property rights, intellectual labor, and has multiple intellectual property rights of our own. Planning and protecting intellectual property rights has always been at the core of Lexqi's philosophy and operations, Lexqi does not engage in any behavior that infringes upon the intellectual property rights of others.

After careful investigation, we have confirmed that the commercial appearance used in your previous complaint letter regarding Whoop's products has not been granted, and there is unclear evidence of its exclusive use.

In addition, Lexqi's products have significant differences in appearance from your client's products, and consumers are not likely to confuse our products with products derived from your aforementioned commercial appearance. Finally, please note that Lexqi has authorized lawyers to submit patent applications for their products for the intellectual property offices of China, the United States, and Europe, and has obtained authorization in some countries.

We are confident that Lexqi's products have not infringed upon your client's legitimate rights and interests. We hereby request your client reconsider their accusations against Lexqi.

We hope this concludes the matter between our clients so that we may avoid any further action against our legitimate rights and interests.

Sincerely,

Mandana Jafarinejad, Esq.

**Soule, Katherine**

---

| | |
|---|---|
| **From:** | Hendershott, Jack |
| **Sent:** | Thursday, August 7, 2025 3:06 PM |
| **To:** | 'uuxforever@outlook.com'; 'elabscert@applus.com'; 'joycecai@lexqi.com.cn' |
| **Cc:** | Dalton, Joshua M. |
| **Subject:** | INFRINGEMENT OF WHOOP INTELLECTUAL PROPERTY |
| **Attachments:** | Whoop v. Shenzhen Lexgi - C_D Letter.pdf |

Please see the attached, time sensitive legal demand.

Thank you,

**Jack Hendershott**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6951 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
jack.hendershott@morganlewis.com | www.morganlewis.com



Morgan Lewis

**Joshua M. Dalton**
Partner
+1.617.951.8284
josh.dalton@morganlewis.com

7 August 2025

**SENT VIA EMAIL**

Shenzhen Lexqi Electronic Technology Co., Ltd
uuxforever@outlook.com
elabscert@applus.com
joycecai@lexqi.com.cn

**Re: Cease and Desist – Infringement of Whoop, Inc.'s Intellectual Property Rights by Shenzhen Lexqi Electronic Technology Co., Ltd. ("Shenzhen Lexqi")**

To Whom It May Concern:

This firm represents Whoop, Inc. ("Whoop") in connection with certain intellectual property matters.

Since its founding in 2012, Whoop has expended considerable time and effort developing premium hardware, software, and analytics to unlock human performance. As a result of the tireless efforts of Whoop product developers and engineers, the Whoop physiological monitoring device ("Whoop Wearable") has established a reputation as an industry leader in helping athletes to perform at their highest levels by gaining greater visibility into their bodies' needs.

**The Whoop Trade Dress**

The Whoop Wearable bears distinctive features that have been in use since the release of the original Whoop Wearable in 2015. This unique faceless device was revolutionary to a fitness industry dominated by wearables with increasingly elaborate displays. From its launch to the present, the distinctive shape, look, and feel of the Whoop Wearable have been used exclusively by Whoop and so have become intrinsically associated with Whoop. There is simply nothing else like it. Accordingly, Whoop has established trade dress rights in the distinctive features of its Whoop Wearable (the "Whoop Trade Dress") and has therefore applied for registration of the Whoop Trade Dress before the United States Patent & Trademark Office.[1] The Whoop Trade Dress is described and depicted in that application as follows:

> [A] three-dimensional configuration of a wearable device comprised of a U-shaped clasp on which the word WHOOP appears on a crossbar, with sides that hinge distally from the crossbar into a rectangular sensor device (not visible) and allow the clasp to open and close into place over the sensor device. The strap is the band which connects to the sensor device on one end and the crossbar on the other and, when closed, wraps around the entire design and lays flat over the

[1] U.S. Trademark Application No. 99,080,005.

> sensor device and snug on the wrist of the wearer. The word WHOOP and the edging detail on the side of the wearable device, both featured in broken lines, are not claimed as part of the mark[.]

**U.S. Trademark Application No. 99,080,005 (the "Whoop Trade Dress")[2]**




The public's association of the Whoop Trade Dress with Whoop has been enhanced by advertisement of the Whoop Wearable, which prominently features the Whoop Trade Dress. Exemplary advertisements are reproduced below.[3]









Similarly, widespread use and endorsement of the Whoop Wearable by prominent athletes and health influencers has cemented the public's recognition of products bearing the Whoop Trade Dress as emanating from Whoop. For example, the Whoop Wearable has been endorsed by soccer star Cristiano Ronaldo, Super Bowl Champion Patrick Mahomes, and health influencer Bryan Johnson.[4]

---

[2] *Id.*
[3] *Id.*
[4] *Id.*, https://www.whoop.com/us/en/thelocker/patrick-mahomes-heart-rate-in-game/?srsltid=AfmBOooLg_iun1ktPrMiWNkbnHYo3fcfRcgait_NDPIQKJFHD36cKNlJ, https://www.instagram.com/bryanjohnson_/p/CsbIf2Gr5lo/?hl=en.

Shenzhen Lexqi Electronic Technology Co., Ltd
7 August 2025
Page 3









**Shenzhen Lexqi's Trade Dress Infringement**

Whoop has recently been informed by Timexpose International Limited that Shenzhen Lexqi manufactures the Smart Bracelet Activity Fitness Tracker Health Wristband, a knockoff fitness tracker that infringes the Whoop Trade Dress (the "Infringing Device"). In addition, multiple websites identify Shenzhen Lexqi as the manufacturer of the Infringing Device.[5] An exemplary screenshot of the Infringing Device is provided below alongside the Whoop Trade Dress as depicted in the USPTO application and Whoop Wearables embodying the Whoop Trade Dress. These images clearly demonstrate the high degree of similarity between the Whoop Trade Dress and the Infringing Device.

| Whoop Trade Dress[6] | Whoop Wearable Embodying the Whoop Trade Dress[7] | The Infringing Device[8] |
|---|---|---|
|  |   |  |

[5] https://www.amazon.com/gp/product/B0F3D4ZGSH/ref=ox_sc_act_image_1?smid=A1B0UHIHA457PM&th=1; https://ibspot.com/us/products/smart-health-wristband-screenless-ultra-lightweight-17g-wearable-activity-fitness-tracker-24-7-health-monitor-100-modes-smart-bracelet-improve-sleep-heart-rate-tracking-for-women-men-black?srsltid=AfmBOoox3nZKAL7Lb62KdobnvAtY04o8e2NNQGo8LgfJTeeoN-ArpRnH.
[6] U.S. Trademark Application No. 99,080,005.
[7] https://shop.whoop.com/en-us/.
[8] https://www.amazon.com/Bracelet-Activity-Wristband-Screenless-Lightweight/dp/B0F3D4ZGSH/.

The obvious and confusing similarity between the Whoop Trade Dress and the Infringing Device is also evident when each product is worn on the wrist:

| **Authentic Whoop Wearable On-Wrist[9]** | **The Infringing Device On-Wrist[10]** |
|---|---|
|  |  |

Indeed, only with a level of close examination beyond what is found in the marketplace can one even be certain that the Infringing Device is not literally the Whoop Wearable. The above images firmly establish that the Infringing Device uses trade dress that is identical and/or confusingly similar to the Whoop Trade Dress. This is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Infringing Device with Whoop.

**<u>Whoop, Inc.'s Demands</u>**

Shenzhen Lexqi's use of a nearly identical copy of the Whoop Trade Dress to manufacture the Infringing Device constitutes the clearest possible case of trade dress and trademark infringement. The consequences of Shenzhen Lexqi's blatant infringement are severe. Under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), Shenzhen Lexqi can be required to pay to Whoop up to three times the profits that Shenzhen Lexqi has earned by manufacturing the Infringing Device. Similarly, Shenzhen Lexqi may be required to pay to Whoop up to three times the profit that Whoop has lost due to Shenzhen Lexqi's infringing sales. In addition, Shenzhen Lexqi may be required to reimburse Whoop for the attorneys' fees it has incurred in putting a stop to Shenzhen Lexqi's clear infringement. Finally, a court may order Shenzhen Lexqi's to cease all sale and manufacture of the Infringing Device, deliver all such devices to the court for destruction, and to cease all use of the Whoop Trade Dress or any confusingly similar trade dress.

Whoop takes infringement of its intellectual property rights very seriously. While Whoop is willing to resolve this matter amicably, Shenzhen Lexqi must swiftly cease and desist from this blatantly improper conduct. Without prejudice to seeking other and additional relief, Whoop demands that Shenzhen Lexqi:

1. Immediately cease all sale and manufacture of the Infringing Device and any other product design or trade dress that is identical or confusingly similar to the Whoop Trade Dress.

---

[9] U.S. Trademark Application No. 99,080,005.
[10] https://www.amazon.com/Bracelet-Activity-Wristband-Screenless-Lightweight/dp/B0F3D4ZGSH/.

2. Immediately cease all advertising creating an impression that the Infringing Device and/or Shenzhen Lexqi has been sponsored, approved, authorized, or licensed by Whoop or are in some way affiliated or connected with Whoop.

3. Provide Whoop with an accounting of the Infringing Devices, including (a) units manufactured, (b) units sold, (c) sales revenue, (d) units remaining in inventory, and (e) units on order/being manufactured. Once Whoop has received this accounting, it will inform Shenzhen Lexqi of the amount of the payment necessary to settle this matter and the procedure for disposal of the remaining inventory.

Whoop must receive your written assurance no later than ***5:00 p.m ET on August 21, 2025,*** that Shenzhen Lexqi will comply with these demands. If Whoop does not hear from Shenzhen Lexqi by that date, Whoop will assume that Shenzhen Lexqi has decided to continue its unlawful conduct, and Whoop will pursue the necessary measures to protect consumers and its intellectual property. In the unlikely event that Shenzhen Lexqi would attempt to claim that it was somehow previously unaware of the above-mentioned Whoop intellectual property rights, this letter shall serve to provide notice of that fact. Any future use by you of the Whoop Trade Dress will be considered a willful and intentional violation of those rights.

Whoop views this as an extremely serious matter. Whoop intends to enforce its rights in this and all of its intellectual property to the fullest extent, and expressly reserves all such rights. Any inquiries regarding this matter should be directed to the undersigned.

Sincerely,

Joshua M. Dalton