## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHOOP, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| v. ) | **25-12690-FDS** |
| ) | |
| SHENZHEN LEXQI ELECTRONIC ) | |
| TECHNOLOGY CO., LTD., ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER ON MOTION TO WITHDRAW AS COUNSEL</u>

**SAYLOR, J.**

On January 30, 2026, Kevin H. Vanderleeden and Jeffrey E. Schiller, attorneys for defendant Shenzhen Lexqi Electronic Technology Co., Ltd., moved for leave to withdraw as counsel. (Dkt. No. 36). They sought to withdraw because of a "breakdown in the relationship" between themselves and defendant and "a refusal by [defendant] to pay any further amount for [their] services." (*Id.* at 2). They also indicated that "[defendant] has terminated [them] in writing." (*Id.* at 2).

Under the Local Rules of this District, an attorney must obtain leave of court to withdraw his or her appearance under certain circumstances, including where the attorney seeks to withdraw his or her appearance "for good cause shown." D. Mass. L.R. 83.5.2(c). "Deciding an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Cozy, Inc. v. Dorel Juvenile Grp., Inc.*, 711 F. Supp. 3d 19, 21 (D. Mass. 2025) (quoting *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39 (1st Cir. 2001)).

The principal issue with the present motion is that no other counsel has appeared for defendant in this matter, and no successor counsel has entered an appearance. Under the Local

Rules, "[a] corporation . . . may not appear *pro se*." D. Mass. L.R. 83.5.5(c). Accordingly, if Attorneys Vanderleeden and Schiller are permitted to withdraw, the corporation will be without counsel. A likely consequence of allowing the motion is that the corporation will be deemed to be in default, and a subsequent judgment or other order may enter holding it liable for all claims asserted against it.

Under the circumstances, the Court cannot immediately allow the motion. Instead, the Court will allow some additional time for defendant to locate successor counsel. If successor counsel enters an appearance for defendant, the motion to withdraw will be granted as of the date of that appearance. If no successor counsel has entered an appearance by February 18, 2026, and the Court has not extended that time period, the motion to withdraw will be granted on that date, and plaintiff may then seek an entry of default.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  February 4, 2026                           United States District Court Judge

2